******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

APPENDIX
DAVID DUBINSKY *v.* JOYCE RICCIO*

Superior Court, Judicial District of Fairfield
File No. CV-16-6059152-S

Memorandum filed March 19, 2018

*Proceedings*

Memorandum of decision on defendant's motion for summary judgment. *Motion granted.*

*Kenneth A. Votre*, for the plaintiff.

*Amber J. Hines*, for the defendant.

*Opinion*

TRUGLIA, J. The court has carefully reviewed the defendant's motion for summary judgment and supporting memorandum of law. The court has carefully reviewed all of the exhibits attached to the defendant's memorandum, including the defendant's affidavit, the record of e-mail correspondence between the plaintiff and the defendant, and the transcript of the plaintiff's own sworn testimony before the Honorable Gerard I. Adelman, dated July 10, 2013, and before the Honorable Howard T. Owens, Jr., dated August 9, 2013.

After reviewing the motion and exhibits, the court finds that there are no genuine issues of material fact as to the defendant's liability in this case. The defendant has demonstrated that there is no evidence upon which the trier of fat could find that the defendant breached her duty of care in her representation of the plaintiff in his dissolution of marriage action. The gravamen of the plaintiff's claim is that he entered into a separation agreement to settle his divorce action unaware of certain rights that he was giving up, including certain custody and visitation rights to his son. The plaintiff also alleges that the defendant was negligent in failing to obtain more favorable terms for him in his divorce action and in failing to be prepared to defend his interests if the matter had proceeded to trial.

Uncontroverted evidence submitted by the defendant in support of her motion shows that the plaintiff was fully aware of all of the terms of his separation agreement before it was approved by the court, including all of the custody and visitation provisions relating to his son. Uncontradicted evidence also shows that the defendant made every effort to communicate with the plaintiff prior to his trial date in order to prepare for trial. The defendant only ceased her efforts to prepare for trial at the plaintiff's repeated, written instructions that he did not wish to go to trial, but instead, wished to settle his case.

The defendant has established that she would be entitled to a directed verdict at trial; *SS-II, LLC* v. *Bridge Street Associates*, 293 Conn. 287, 294, 977 A.2d 189 (2009); the plaintiff, however, has not demonstrated the existence of a material fact as to the defendant's liability to him for professional negligence. The court agrees with the plaintiff that he is not foreclosed from bringing an action for malpractice against his attorney merely because he settled his divorce case and signed a separation agreement. See *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 646 A.2d 195 (1994). In such cases, however, a general allegation of negligence is not sufficient. Rather, a plaintiff must specify what negligent actions or omissions by counsel caused the damages he claims he sustained. Id., 177. Here, the plaintiff has not specified what negligent

actions or omissions caused the injuries and losses he now claims.

The court also agrees with the defendant that the plaintiff provides no evidence in support of any of his general claims of malpractice other than vague allegations and speculative contentions. In light of the evidence presented by the defendant in support of her motion, the plaintiff's deposition testimony is insufficient to establish the existence of a genuine issue of material fact. See, e.g., *CitiMortgage, Inc.* v. *Coolbeth*, 147 Conn. App. 183, 193, 81 A.3d 1189 (2013), cert. denied, 311 Conn. 925, 86 A.3d 469 (2014).

As the defendant would be entitled to a directed verdict at trial, the court grants her motion for summary judgment.

Judgment enters in favor of the defendant and against the plaintiff on the first count of the plaintiff's complaint.

Judicial notice (JDNO) was sent regarding this order.

* Affirmed. *Dubinsky* v. *Riccio*, 194 Conn. App.  ,  A.3d  (2019).

———————————————